## JEFFREY MANUFACTURING CO v YATES

Ohio Appeals, 2nd Dist, Franklin Co

No 2211.  Decided Dec 13, 1932

Stephen A. Sharp, Columbus, for plaintiff in error.

Adams, Cowan and Adams, Columbus, for defendant in error.

### BY THE COURT

Submitted on motion of plaintiff in error for an order certifying the record in this case to the Supreme Court for the reason that the decision is in conflict with a decision of the Court of Appeals of Lucas County in the case of Weaver v The Industrial Commission, Merriman and Sutherly Reports, April 4, 1932, page 400.

We have examined this case and find, at page 401, that the court did quote that part of the opinion in **Power and Light Company v Orwick, 122 Oh St, 497,** which is set forth with the motion to certify, as follows:

"The Industrial Commission has wide latitude in the admission of evidence, under the provisions of §1465-91 GC."

This, however, is merely quoted by the court for the purpose of illustrating the distinction found in the statutes between the procedure before the Commission and in Common .Pleas Court.  The distinction is found in the further language of the court:

"The procedure in Common Pleas Court is regulated, however, by **§1465-90, GC,** as amended in 111 Ohio Laws, 218, and effective July 15, 1925, which among other things, provides as follows: 'The court may exclude from evidence such portions of the transcript which are not competent material or relevant evidence as was excluded by the Com**made or exception taken** at such rehearing before the Commission and **may admit** in evidence such competent, material or relevant evidnce as was excluded by the Commission at such rehearing over the objection and exception of the party offering the same.'

"The provision confers upon the trial court power to exclude as evidence the testimony referred to upon the ground of incompetency and the admission of incompetent evidence to the prejudice of the aggrieved party would constitute reversible error, the same as in the trial of any other case.  The fact that the word 'may' is used in the statute does not relieve a trial court from the duty of **applying the rules of evidence in accordance with established principles of law.**  In admitting the evidence in question the trial court erred to the prejudice of plaintiff in error."

(Black face, ours).

This opinion in our judgment is not in conflict with, but is in harmony with the decision in the instant case.

But, had it been in conflict we could not certify because the Supreme Court admitted the Weaver case, supra, and passed upon it, and it must be assumed, considered and determined all legal questions raised by the error proceedings.  In **Weaver v Industrial Commission, 125 Oh St, 465,** the Supreme Court does not specifically consider our question but by its action in affirming the judgment of the Court of Appeals supports the conclusions of that court.

We, of course, would be very glad to have the Supreme Court review this case but no reason appearing which would justify us in making a certificate of conflict, the motion must be overruled.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.