### INDUSTRIAL COMMISSION v DOTY

Ohio Appeals, 2nd Dist, Franklin Co

No 2350. Decided Oct 3, 1933

Donald J. Hoskins, Prosecuting Attorney, Columbus, and J. E. Bowman, Assistant Prosecuting Attorney, Columbus, for plaintiff in error.

A. W. Webber, Columbus, for defendant in error.

## OPINION

By HORNBECK, PJ.

It is the claim of the plaintiff that at the time her husband was struck he was in the course of his employment and that his death grew out of his employment.

The defense is asserted in the three grounds of error set up in the brief supporting the petition in error. First, it is denied that Mr. Doty suffered his injuries while in the course of his employment. Second, it is asserted that he was a casual employee within the meaning of the Workmen's Compensation Act and that he did not come within the benefits of the act and. Third, that he was an independent contractor and, therefore, was not protected by the provisions of the Workmen's Compensation Act.

The trial court submitted the question whether or not Mr. Doty's injury and death grew out of the course of his employment but failed and refused, upon request of counsel for the Commission, to submit any issue to the jury whether or not Mr. Doty was a casual employe of Mr. Sherburn, nor did the court charge on the theory of independent contractor. The defendant urges that the verdict and judgment were manifestly against the weight of the evidence and that the court erred in refusing to present the questions of casual employment and independent contract to the jury for determination.

Considering the propositions advanced in reverse order, we are satisfied that the court committed no error in refusing to present propositions (2) and (3) to the jury.

Mr. Doty's employment was not confined to the preparation for sale and the sale of Christmas trees but included, according to the statement of his employer, any other duty which he might perform during the holiday season, bringing him clearly within the classification of a clerk. But, if the employment of Mr. Doty was confined to preparing for sale and selling Christmas trees, it was not, in its character, so independent of activities which might be associated with the grocery business as to indicate that the employment was not in the course of such business. This branch of the business, conducted as it was in the same store where the groceries and other merchandise were handled and disposed of, is convincing that Mr. Doty was employed in the principal business which Mr. Sherburn was conducting as a grocer. It is doubtful if Mr. Doty's employment was casual. In 28 R.C.L., 767, it is said:

"The employment is not to be considered as casual, according to the better view, where its duration is for definite time, as for a month or a week * * *."

But to deny the benefits of the statute, §1465-61, GC, the employment must not only be casual but not in the usual course of trade, business * * * of the employer. We are satisfied that in no view of this record could Mr. Doty's employment be brought within the exception of the statute.

Likewise, the only basis for the contention that Mr. Doty was an independent contractor is the statement of Mrs. Doty that he had complete charge of everything respecting the preparation and selling of the Christmas trees. Plaintiff contends that the answer admits the status of Mr. Sherburn and Mr. Doty to be that of employer and employee. We do not think so. But it should be observed that there is nothing in the record tending to prove that Mr. Sherburn did not have complete control over the manner and method of preparing and selling the Christmas trees if he so desired. See Industrial Commission v Laird, 126 Oh St, 167.

As we have already indicated, the fact that Mr. Doty admittedly was hired to perform other duties during the Christmas holidays which could only be reconciled with the theory that he was a clerk completely negatives the idea that he was an independent contractor.

The court placed upon the plaintiff the burden of proving that Mr. Doty was an employee of Mr. Sherburn. No request to charge on the subject of independent contractor was made by defendant. No exception was taken to the general charge. No error can be grounded upon the failure to submit to the jury the question whether or not Mr. Doty was an independent contractor.

The difficulty presented on the record relates more particularly to the question whether or not there was proper proof from which an inference could be drawn that Mr. Doty, at the time he was injured, was in the course of his employment and about his master's business. The admissibility of the evidence from which the inference must be drawn is doubtful but much of it was admitted without objection. Though it be but heresay, it has probative value. Jeffrey Mfg Co. v Betty Yates, No. 2211, Court of Appeals, 2nd Dist. (Unreported). (13 Abs 340; 14 Abs 129). Motion to certify overruled by the Supreme Court of Ohio.

The record on the controverted subject matter discloses that it was within the scope of Mr. Doty's duty to purchase and gather up any lumber that he might need to make the bases for the Christmas trees. On the evening in question it appears that, from the testimony of Mr. Sherburn, his employer, he asked to be let off for about a half hour to go to Broad Street and take his wife to the Insane Asylum. There is some discrepancy respecting the time during which he asked to be let off but the fact is that he did leave the grocery. He then drove to the Insane Asylum and upon leaving his wife and his mother-in-law at the institution it is testified by Mrs. Doty that he said that he had an errand to perform for Carl (his employer); that he needed some material which must have been lumber because Mrs. Doty testifies that he needed lumber for bases but not nails. The only place other than Mr. Doty's home where he had secured this material was at the Hilltop Furniture Company. This Company's store was on the route that Mr. Doty would have taken had he been returning to his place of employment or to his home. When struck he was moving across the street heading toward the Hilltop Furniture Company and also toward the Candy Crisp Store. Mr. Sherburn testifies that Mrs. Doty told him that she had requested Mr. Doty to get some popcorn balls on his return from Broad Street which could have been purchased at the Candy Crisp Store. This she denied and, of course, it was a question for the jury to determine where the credible testimony was to be found. If this statement of Mr. Sherburn's be discredited, as the jury must have done, then it seems that a reasonable inference could be drawn that the errand which Mr. Doty expected to do for his employer was the securing of material at the Hilltop Furniture Co. and that he was moving across the street to the Furniture Store for the purpose of securing this lumber. If this explains his movements. then he was injured in the course of his employment.

We believe the jury was within its province in so determining and the trial court in overruling the motion for a new trial and entering judgment upon the verdict committed no reversible error. Judgment affirmed.

KUNKLE and BARNES, JJ, concur.